IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                                            CRIMINAL 06-288 (CCC)

ONIX RICARDO VARGAS-RAMOS,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11(c)(1)(B)  PROCEEDINGS (PLEA OF GUILTY)

**I.      Procedural Background**

On September 13, 2006, Onix Ricardo Vargas-Ramos, the defendant herein, was charged in a single-count indictment. Count one charges that the defendant, aided and abetted by Jonathan Santiago-Ortiz, did knowingly and unlawfully receive or possess firearms, as that term is defined in Title 18, United States Code, §921(a)(3), which had the importer's or manufacturer's serial number removed, obliterated or altered, to wit: a Colt Lawman MKIII .357 caliber revolver and a Colt Cobra .38 caliber revolver, firearms that at some point in time had been shipped or transported in interstate or foreign commerce, all in violation of Title 18, United States Code, §921(a)(3).  Defendant filed a motion for change of plea on January 23, 2007.

**II.     Consent to Proceed Before a Magistrate Judge**

On February 6, 2007, while assisted by Raymond Rivera, Esq., the defendant, by consent, appeared before me in order to change his previous not guilty plea to a plea of guilty as to count one of the indictment.

After defense counsel stated in open court that the purpose of the hearing was for defendant to change his plea, the defendant was advised of:  (a) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (b) the potential consequences of lying under oath (such as a perjury charge); and (c) his right to have the change-of-plea proceedings presided

2

over by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before this magistrate judge.

**III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A.    Compliance With Requirements Rule 11(c)(1)**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and he understood that if convicted on count one, he was exposed to a term of imprisonment of not more than five (5) years, a fine of not more than $250,000, and a term of supervised release of not more than three (3) years in addition to any term of incarceration. The defendant was also informed of the special monetary assessment of one hundred dollars ($100.00) per offense.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

The defendant accepted that no other or different promises or assurances of any kind had been made to him in an effort to induce him to enter plea of guilty in this case.

3

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no reference of guilt could be drawn from his refusal to testify.

3. To a trial by jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, it is determined that defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

The defendant was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he would be giving up the above rights and would be convicted solely on his statement that he is guilty.

The defendant was also admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed. In addition, defendant was explained that parole had been abolished and was urged to cooperate fully with the U.S. Probation Officer and to be truthful and honest in answering his/her requests.

**D. Plea Agreement**

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

4

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the possible maximum penalty prescribed by statute.

Defendant acknowledged having understood this explanation.

**E.  Government's Evidence (Basis in Fact)**

The government presented a proffer of its evidence with which the defendant concurred. Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged.

**F.  Voluntariness**

The defendant acknowledged that no threats have been made against him and that he is pleading guilty freely and voluntarily.  He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

**IV.  Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the indictment.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Onix Ricardo Vargas-Ramos is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense

5

charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 12th day of February, 2007.

s/ Marcos E. López
United States Magistrate Judge